```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
JANE DOE,                          )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    C.A. No. 16-562 S
                                   )
BROWN UNIVERSITY, PHI KAPPA PSI,   )
INC., and JOHN SMITH,              )
                                   )
        Defendants.                )
_____)


## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Plaintiff Jane Doe's Motion for Leave to File a Second Amended Complaint. (ECF No. 32.) Plaintiff initiated this case in October 2016 against Brown University, Phi Kappa Psi, Inc. (a fraternity at Brown University), and John Smith (a Brown University student and Phi Kappa Psi member), claiming civil liability on each of their parts arising from an incident of sexual assault that allegedly occurred at the fraternity's on-campus house on October 18, 2014. (Compl. ¶¶ 1-2, ECF No. 1.) Plaintiff filed an Amended Complaint in January 2017, to which Defendants Phi Kappa Psi, Inc. and John Smith each filed a motion to dismiss and a motion to strike specific paragraphs. (See ECF Nos. 12, 16, 17, 22, 23.) The Amended Complaint claims that Brown University's actions violated Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688

(counts I and II), that both Brown University and Phi Kappa Psi, Inc. were negligent (counts III-V), and that Defendant Smith is liable for assault and battery (count VI). (ECF No. 12.)

Plaintiff's Proposed Second Amended Complaint ("SAC") adds a set of defendants related to the unincorporated Rhode Island Alpha Chapter of Phi Kappa Psi, Inc.: two past Presidents and two past Secretaries of the Rhode Island Alpha Chapter ("Alpha Chapter Representatives"). (Proposed Second Am. Compl. §§ 16-20, ECF No. 32-2.) The SAC also adds detail throughout the pleading to the factual bases for Plaintiff's claims. Plaintiff argues that these proposed additions are permissible pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure because the additions will not cause any delay or prejudice, and are required to preserve her legal claims against those liable for her alleged injuries. (Pl.'s Mem. in Supp. 1-2, ECF No. 32-1.)

Defendants Smith and Phi Kappa Psi, Inc. both object to Plaintiff's Motion for Leave to Amend on the basis that the additional details to the allegations are futile because Plaintiff has failed to state a plausible claim for assault (count VI) against Defendant Smith (Smith Mem. in Supp. of Obj. 2, ECF No. 34-1), and for negligence (counts V and VI) against Phi Kappa Psi, Inc. (PKP Mem. in Supp. of Obj. 2, ECF No. 35-1.)

Rule 15(a)(2) provides that the court should "freely give leave [to amend] when justice so requires." A motion for leave

to amend may be denied "[i]n appropriate circumstances — undue delay, bad faith, futility, and the absence of due diligence on the movant's part . . . ." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "[A] request to amend . . . requires the court to examine the totality of the circumstances and to exercise its informed discretion in constructing a balance of pertinent considerations." Id. at 30-31 (citing Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989)).

Given the leniency provided by Rule 15(a)(2) and that this case is in the nascent stage of litigation, the Court allows Plaintiff's SAC. Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 32) is therefore GRANTED. The Court finds Defendant Smith's and Defendant Phi Kappa Psi, Inc.'s motions to dismiss (ECF Nos. 16, 22) and motions to strike (ECF Nos. 17, 23) MOOT because both motions are based on the Amended Complaint. These Defendants have thirty days to refile their respective motions to dismiss and motions to strike, if they wish, based on the Second Amended Complaint.

IT IS SO ORDERED.

/s/ W. E. Smith
William E. Smith
Chief Judge
Date: April 12, 2017