UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JANE DOE,<br><br>           Plaintiff,<br><br>     vs.<br><br>BROWN UNIVERSITY; et al.,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.: 1:16-cv-00562-S-LDA<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF JOHN SMITH'S
MOTION TO COMPEL INTERROGATORY RESPONSE
BY BROWN UNIVERSITY**

The defendant, John Smith, submits the following points of law and argument in support of his motion to compel Brown University to answer his Interrogatory no. 1 regarding the address and contact information of witness Michael Jones.[1]

## BACKGROUND

John Smith sent the following interrogatory to Brown University:

> Interrogatory no. 1.   State the current campus address and contact information for [Michael Jones].

Michael Jones is a percipient witness who is alleged to have "accompanied Ms. Doe [the Plaintiff] from the party to her dormitory room, where he sexually assaulted her" on the night that John Smith is alleged to have drugged Ms. Doe's drink. ECF 39 at 2. Brown University responded to the interrogatory as follows:

> Response no. 1.   Brown objects to this interrogatory. The requested information is subject to the confidentiality requirements of the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g, 34 CFR Part 99. No exception under FERPA applies to allow Brown's

---

[1] Michael Jones is a pseudonym used in the complaint. In the interrogatory, John Smith used Mr. Jones's real name.

> disclosure of the requested information in response to an interrogatory. Attorney Matthew Dawson, legal counsel for "Michael Jones," has informed Brown that his client objects to the disclosure of the requested information.

Having no other means of locating Michael Jones, who is expected to graduate and leave campus in less than a month, John Smith moves to compel Brown University to provide Mr. Jones' address and contact information within seven days.

## STANDARD OF REVIEW

Federal Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Fed. R. Civ. P.* 26(b)(1). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden* v. *Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan. 1991).

## DISCUSSION

The information John Smith seeks in Interrogatory no. 1 is relevant because Michael Jones spent time with Jane Doe on the night of October 17-18, of 2014 and has disputed with success Ms. Doe's version of events. Moreover, Brown has not established why or how FERPA protection applies to Mr. Jones' "directory information," and a court order is more than sufficient to overcome a FERPA objection. The following details these arguments.

1. <u>Michael Jones' address and contact information are relevant because that information will permit the deposition of Mr. Jones, who was with Ms. Doe on the night in question.</u>

In federal litigation, relevance is "an elastic concept." *Bennett* v. *La Pere*, 112 F.R.D. 136, 138 (D.R.I. 1986). This is particularly so in the precincts of pretrial discovery, where "the concept is broadly and liberally interpreted." *Id*. "For evidence to be relevant it need only move the inquiry forward to some degree on a fact of consequence." *Franchina* v. *City of Providence*, 881 F.3d 32, 49 (1st Cir. 2018); see also *Fed. R. Evid.* 401 (relevant evidence has "any tendency to make a fact more or less probable"). In this matter, the address and contact information of Michael Jones will move the inquiry forward because it will permit the deposition of a percipient witness.

In her complaint, Ms. Doe has alleged that Michael Jones spent a considerable amount of time with her on the night of October 17-18, of 2014. ECF 39 at 14. He had the opportunity to observe her, as well as Mr. Smith. He had the opportunity to drug her, and Ms. Doe claims that Mr. Jones sexually assaulted her and that she "was unable to speak or move while the sexual activity took place." ECF 39 at 14. Upon information and belief, Mr. Jones has admitted the sex, but denied the assault. ECF 39 at 20-21. Purportedly, he has claimed the sex was consensual and that Ms. Doe was an active participant. ECF 39 at 20-21. In fact, Ms. Doe has alleged that a university student conduct panel credited his version of events over hers. ECF 39 at 21. Therefore, his testimony, if believed, would undermine Ms. Doe's version of events and constitute relevant evidence.

2. <u>FERPA permits disclosure of education records if the subject matter is directory information or is released pursuant to a court order.</u>

What John Smith seeks in his Interrogatory no. 1 is what the FERPA regulations consider "directory information." See 34 CFR § 99.3 (defining "directory information" as "the student's name; address; telephone listing; electronic mail address"). This information contained in an

education record "would not generally be considered harmful or an invasion of privacy if disclosed." *Id*. Therefore, FERPA allows universities to release such information without a student's consent, subject to certain conditions. 34 CFR § 99.37. In light of Brown's objection to Interrogatory no. 1, Mr. Smith presumes that those conditions are not met in this instance. However, because Mr. Jones' address and contact information are relevant, it is Brown's burden to explain why the protection from disclosure applies. *Cusumano* v. *Microsoft Corp*., 162 F.3d 708, 716 (1st Cir. 1998) (holding that after a showing of need and relevance, the burden shifts to the objector to demonstrate the basis for withholding the information). It has not done so.

In addition to the foregoing, universities may disclose education records in order "to comply with a judicial order or lawfully issued subpoena." 34 CFR § 99.31(a)(9). Where the information sought is "arguably relevant," such an order is appropriate. *Nastasia* v. *New Fairfield Sch. Dist.*, 2006 WL 1699599, at 1 (D. Conn. 2006) (ordering disclosure of a student's name, address and telephone number). The only additional requirement to disclosure under that circumstance is that the university make a "reasonable effort to notify" the student of the order or subpoena in advance of compliance. 34 CFR § 99.31(a)(9)(ii). Brown's response to Interrogatory no. 1 indicates that it is already in contact with Mr. Jones' counsel, Attorney Matthew Dawson. In addition, the undersigned counsel for Mr. Smith has served this motion and supporting memorandum on Attorney Dawson by email and regular mail. Thus, if Mr. Jones wishes to avoid compliance by Brown, an ample opportunity has been afforded.

## CONCLUSION

For the reasons set forth herein, the defendant, John Smith, requests that this Court enter an order compelling compel Brown University to answer his Interrogatory no. 1 regarding the address and contact information of witness Michael Jones within seven days.

| | |
|---|---|
| Date: April 30, 2018 | The Defendant, John Smith, By his Attorney, |
| | /s/ J. Richard Ratcliffe |
| | J. Richard Ratcliffe, #2603 |
| | Ratcliffe Harten Galamaga LLP |
| | 40 Westminster Street, Suite 700 |
| | Providence, RI 02903 |
| | Tel: (401) 331-3400 |
| | Fax: (401) 331-3440 |
| | rratcliffe@rhgllp.com |

## CERTIFICATE OF SERVICE

I, J. Richard Ratcliffe, certify that on April 30, 2018, I served this document on the following counsel of record by electronic means pursuant to LR Cv 26:

Amato A. DeLuca
bud@delucaandweizenbaum.com

Patrick R. Ball
pball@archernorris.com

Miriam Weizenbaum
miriam@dwlaw.us

Zachary H. Valentine
zvalentine@boyleshaughnessy.com

Debra Katz
katz@kmblegal.com

Michael D. Grabo
michael_grabo@brown.edu

Carolyn L. Wheeler
wheeler@kmblegal.com

Scott M. Carroll
scarroll@bsctrialattorneys.com

Donna M. Lamontagne
dlamontagne@lshattorneys.com

Steven M. Richard
srichard@nixonpeabody.com

Julia Levitskaia
jlevitskaia@archernorris.com

Thomas R. Bender
thomas_bender@brown.edu

Michael C Osborne
mosborne@archernorris.com

/s/ J. Richard Ratcliffe

And, by United States Postal Service, First Class mail on:

Matthew S. Dawson Esq.
Lynch & Pine, LLC
One Park Row - 5th Fl.
Providence, RI  02903
mdawson@lynchpine.com

/s/ J. Richard Ratcliffe